IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HAROLD COLEMAN | § | |
| v. | § | CIVIL ACTION NO. 6:10cv312 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Harold Coleman, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Coleman states that he received a 10-year sentence for kidnapping in 1995, and that he is also serving another 10-year sentence, which he apparently received in 2002. His recitation of the dates is inaccurate, as will be seen below. Coleman says that he should have credit on this sentence for the time he served between 1995 and 2000, when he was released. He also complains that the Board of Pardons and Paroles refuses to release him on mandatory supervision, but gives him a set-off every year.

The Magistrate Judge ordered the Respondent to answer, and the Respondent has filed a motion to dismiss. This motion construes Coleman's petition as complaining that he should no longer be serving the 10-year sentence that he received in 1995, and that he is improperly being denied release on parole or mandatory supervision. The Respondent states that Coleman is currently serving two sentences, a ten-year theft conviction for which he was sentenced on March 31, 2003,

1

and a ten-year kidnapping conviction for which he was sentenced on August 4, 2005, although the offense occurred in 1995. The Respondent argues that Coleman's claim regarding the calculation of his sentence is barred by the statute of limitations, and that his claim regarding release on parole was not exhausted. Coleman did not file a response to the motion to dismiss.

After review of the pleadings, the Magistrate Judge issued a Report on January 25, 2011, recommending that the motion to dismiss be granted and that the petition be dismissed. The Magistrate Judge stated that Coleman's first claim was that he should receive additional credit on the kidnapping charge beyond the 38 days of time credit which he actually received, but that this claim was barred by the statute of limitations. The Magistrate Judge recommended that this claim be dismissed with prejudice. The Magistrate Judge also noted that Coleman's second claim, regarding his release on parole or mandatory supervision, has never been presented to the Texas Court of Criminal Appeals, and thus is unexhausted; the Magistrate Judge therefore recommended that this claim should be dismissed without prejudice.

Coleman filed objections to the Magistrate Judge's Report on February 15, 2011. In these objections, Coleman says that on October 29, 2002, he was arrested on a theft charge. He asks that the Court call his attorney to show that his attorney withheld evidence in that case. Coleman explains the circumstances of the theft charge and says that in 1995, he received 10 years probation, but this was violated because of the theft charge and so he received the same 10-year sentence in 2005. Coleman does not address either the statute of limitations nor the exhaustion issue in his objections.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that Respondent's motion to dismiss (docket no. 16) is GRANTED and that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice as to Coleman's claims regarding the time credits on his sentence and regarding any claim that he has served his sentence in its entirety, and DISMISSED without prejudice as to his claim that he is being wrongfully denied release on parole or mandatory supervision. It is further

ORDERED that the Petitioner Harold Coleman is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 14th day of March, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**